UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHI BRIONES,

  Plaintiff,

 v.

JAMES DZURENDA, et al.,

  Defendants.

Case No. 2:25-cv-00129-JAD-EJY

**SCHEDULING ORDER FOR CIVIL RIGHTS ACTION FILED BY INCARCERATED PRO SE PLAINTIFF**

Under the Federal Rules of Civil Procedure (Fed. R. Civ. P.) 16(b) and Local Rule (LR)16-1(b), the Scheduling Order in this case is as follows:

**A.  AMENDING THE COMPLAINT AND ANSWERS; ADDING PARTIES**

1.  A responsive pleading having been filed in this matter on May 28, 2026, any amendment to pleadings hereinafter must comply with Fed. R. Civ. P. 15(a)(2), which requires the moving party to explain why the amendment is sought, whether there will be any prejudice to the other party or parties if amendment is granted and, if there was a delay in seeking the amendment, what caused that delay.  A motion to amend **must also** comply with Local Rule 15-1 requiring the proposed amended complaint or answer be attached to the motion.  In this case, no proposed amendment may be filed after **August 27, 2026**.

2.  Any motion to assert crossclaims, counterclaims or add additional parties to this action under Fed. R. Civ. P. 13, 14. 19, or 20 **must** be filed no later than **August 27, 2026**.  Any party that is successful in adding parties to this action **must** at the same time serve a copy of this Order on the new party or parties.

**B.  MANDATORY DISCLOSURES**

The defendants in prison civil rights typically have a disproportionate share of the information relevant to the prisoner's claims.  Prisoners have limited means and access to discovery.  Therefore, the scope of mandatory disclosures required in this case are broader than that outlined in

1

Fed. R. Civ. P. 26(a).  The form of disclosures **must** comply with Fed. R. of Civ. P. 26.  Disclosures **must** be exchanged among the parties, but **must not** be filed with the Court.

1. General Content of Initial Disclosures:

**Defendants must produce all information, items, documents, photographs, and video or audio recordings in their or their employer's possession or control that are relevant to the issues in this case with their mandatory initial disclosures.  Disclosures may be made in a redacted form, if necessary, for security or privilege purposes.**

If Plaintiff is in possession of documents that are relevant to (support) his/her claims, Plaintiff must produce those documents to Defendants upon Defendants request.

2. Timing of Initial Disclosures:  Plaintiff and Defendants' initial disclosures **must** be served **no later than June 19, 2026**.

3. Disclosures Subject to Privilege or Safety Concerns:  Any undisclosed documents alleged to be subject to privilege or safety concerns **must** be listed on a privilege log describing each document withheld with sufficient information to allow the other party to determine whether the document was properly withheld.  The privilege log **must** be promptly served on the opposing party.

4. Expert Disclosures:  Disclosures identifying experts **must** be made no later than **September 25, 2026**, and disclosures identifying rebuttal experts **must** be made no later than **October 26, 2026**.

5. Supplementation:  If either party discovers additional information, items or documents subject to disclosure or responsive to a discovery request at any time before trial, the parties **must** send it to the opposing party.  Fed. R. Civ. P. 26(e).

**C.    DISCOVERY**

1. Discovery Deadline:  Discovery in this action **must** be completed on or before 180 days after the date of this Order, which is **November 25, 2026**.

2. Serving and Responding to Discovery:  Because discovery requests will be served by mail, **the requests must be mailed at least 33 days before the discovery deadline**, which is no later than **October 23, 2026**.  Any discovery request served (mailed) less than 33 days before the

2

discovery deadline is untimely.  The original responses to written discovery requests **must** be served on (mailed to) the party who sent the discovery requests no later than **30 days after** receipt.

3.     Interrogatories:  Under Fed. R. Civ. P. 33 (a)(1), Plaintiff and Defendants are allowed to serve on the opposing party no more than **25 written interrogatories**.  Interrogatories are questions seeking facts and information relevant to the claims and defenses raised in the case.  Each interrogatory must ask only one question.  The **last day to mail** interrogatories to the opposing party is **October 23, 2026**.  A party receiving interrogatories is not required to answer more than 25 separate questions.  Responses are due **30 days after the interrogatories are received.  This means that the responses must be signed and mailed on the 30th day after receipt**.

4.     Requests for Production:  A request for production is a written request asking the opposing party to produce documents or electronically stored information such as "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations."  Fed. R. Civ. P. 34(a)(1).  This rule also allows a party to request the opposing party produce identify tangible things.  *Id*.  No more than **25 requests for production** of documents and things may be sent from Plaintiff to Defendants or Defendants to Plaintiff.  The **last day to mail** requests for production of documents to the opposing party is **October 23, 2026**.  Responses are due **30 days after the requests for production are received**.  **This means that the responses must be signed and mailed on the 30th day after receipt**.

5.     Requests for Admission:  A request for admission is a written statement that requires the opposing party to either admit or deny the statement made.  A request for admission must relate to individual facts, the application of law to a fact, opinions, or the genuineness of described documents.  Fed. R. Civ. P. 36(a)(1).  Plaintiff may serve no more than **25 requests for admission** on Defendants and Defendants may serve no more than **25 requests for admission** on Plaintiff.  The **last day to mail** requests for admission to the opposing party is **October 23, 2026**.  Responses are due **30 days after the requests for admission are received.  This means that the responses must be signed and mailed on the 30th day after receipt**.

6.    <u>Do Not File Discovery</u>.  Discovery, including requests and responses, certificates of service, and deposition transcripts, **must <u>not</u> be filed** with the Court unless the discovery is part of a motion, offered in support of the motion or in response to a motion.

7.    <u>Signing the Responses</u>:  All disclosures and discovery requests, responses, and objections must be signed by the sending attorney or party with a certification that to the best of the signor's reasonable belief the disclosures are complete and correct at the time made.

8.    <u>Requests for Extensions of Discovery</u>:  Extension of the discovery deadline will not be allowed without the party seeking the extension explaining the good reason ("good cause") for the request.  All motions or stipulations to extend discovery **must** be received by the Court at least **twenty-one (21) days** before the discovery deadline.  The motion or stipulation must include:

(a)    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b)    A specific description of the discovery that remains to be completed;

(c)    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d)    A proposed schedule for the completion of all remaining discovery.

9.    <u>Discovery Motions</u>:

(a)    Discovery motions (such as motions to compel) **must** be filed and served (mailed) no later than **December 16, 2026**.

(b)    **Before filing a discovery motion, such as a motion to compel, the parties <u>must first</u> make good faith efforts to resolve any dispute by speaking with each other.  For Plaintiff, this means you must write to Defendant's lawyer and explain your concerns. Plaintiff may ask Defendant's counsel to assist in setting up a telephone call during which the Plaintiff and Defendant will discuss their disagreements and attempt to resolve their dispute. Defendant must initiate a call to Plaintiff before filing a discovery motion as well.**

The parties are further advised that:

(c)    all discovery motions **must** include a declaration that the party filing the motion has, in good faith, spoken with or attempted to speak with the opposing party in an effort to resolve their differences without a Court order; and that,

(d)    the Court may choose to not consider a discovery motion unless the party filing the motion has made a good-faith effort to resolve all disagreements that are raised in a motion.

While the Court recognizes an inmate might not be able to meet personally with opposing counsel, an inmate **must** still attempt to resolve any discovery dispute either by a telephone consultation or a written communication whereby the inmate sincerely attempted to resolve the discovery dispute.

(e)    The contents of the discovery motion must clearly state what discovery was sought, what response was given and why what was given was not adequate or did not respond to the request made.

**D.    DISPOSITIVE MOTIONS**

Motions for summary judgment **must** be filed and served no later than **December 28, 2026**. The motion and opposition are limited to **30** pages, excluding exhibits.  A motion for summary judgment or an opposition to a motion for summary judgment that is longer than 30 pages may be rejected by the Court.

**E.    THE JOINT PRETRIAL REPORT**

Under Local Rule 16-3(b), the parties **must** file a proposed joint pretrial order **thirty (30) days** after the date for filing motions for summary judgment, which is **January 27, 2027**, unless a motion for summary judgment was filed.  If a motion for summary judgment was filed, the due date for the proposed joint pretrial order is suspended and the new due date is 30 days after a decision of the pending motions or until further order of the Court.

**F.    OTHER SCHEDULING MATTERS**

1.    No motion filed after the date set in this Order will be considered by the Court unless an extension is requested and/or the Court finds good cause shown.

5

2.    In the event that the Federal Rules of Civil Procedure provide for any shorter or longer time periods for the filing of motions or pleadings, the time limits in this Order apply.

3.    Any party who seeks to extend or change any provision of this Scheduling Order **must** file and serve (mail) a motion or stipulation no later than **twenty-one (21) days before** the deadline the party seeks to extend or change stating the proposed amendments and the reasons for the amendment. If the request is made less than twenty-one (21) days before the deadline, the change to or extension of this Order **must** be supported by good cause and excusable neglect.

**G.**    **SUMMARY OF DEADLINES**:

| | |
|---|---|
| Discovery Deadline | **November 25, 2026** |
| Last Day to Serve (mail) Discovery | **October 23, 2026** |
| Last Day to Serve Responses to Discovery | **November 25, 2026** |
| Mandatory Disclosures | **June 19, 2026** |
| Deadline to Amend Pleadings | **August 27, 2026** |
| Expert Disclosures | **September 25, 2026** |
| Rebuttal Expert Disclosures | **October 26, 2026** |
| Deadline to Move to Extend Discovery | **November 4, 2026** |
| Deadline to File Discovery Motions | **December 16, 2026** |
| Dispositive Motion Deadline | **December 28, 2026** |
| Joint Pretrial Order Deadline (or 30 days following the entry of the Court's ruling on a dispositive motion) | **January 27, 2027** |

Dated this 28th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE